IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00026-CMA

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1. AJOHNTAE HAMMOND

   Defendant.

_____

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

_____

   This matter is before the Court on Defendant Ajohntae Hammond's Motion for
Compassionate Release (Doc. # 61) and the supplement thereto filed by his attorney
(Doc. # 65). After complete review of Mr. Hammond's Motion, and after considering the
applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements
issued by the Sentencing Commission, IT IS ORDERED that Defendant's Motion for
Compassionate Release is DENIED.

   FACTORS CONSIDERED:

1. Ajohntae Hammond is a 30-year-old inmate currently housed at FCI Florence in
  Florence, Colorado. (Doc. # 61, p. 6).

2. On September 9, 2020, Mr. Hammond pled guilty to Felon in Possession of a
  Firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. # 65, p. 3). He was sentenced
  to 33 months in prison followed by three years of supervised release. (Doc. # 65, p.
  3). On October 26, 2020, Mr. Hammond pled guilty to a second count of Felon in

Possession in case number 16-cr-00201, and he was sentenced to 18 months in prison. Mr. Hammond's two sentences were set to run concurrently, and his projected release date is June 27, 2022. (Doc. # 65, p. 2).

3. Mr. Hammond now seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Docs. ## 61, 65). He argues that release is justified because (1) "Mr. Hammond, an obese African American male suffering from sleep apnea, is at a higher risk for serious complications should he contract the [COVID-19] virus" (Doc. # 65,p. 2); and (2) "Mr. Hammond has not received any disciplinary infractions" during his incarceration (Doc. # 65, p. 3).

4. The Court may reduce the defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C. § 3553(a)]" the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

5. The applicable Sentencing Commission policy statement provides that a court may reduce the term of imprisonment if it finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13. The policy statement includes an application note that specifies the types of conditions and characteristics that qualify as "extraordinary and compelling reasons" for release. USSG § 1B1.13, cmt. n.1(B)-(C).

6. As the movant, Mr. Hammond bears the burden to establish that he is eligible for

2

sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

7.  The Court finds that Mr. Hammond has failed to demonstrate extraordinary and compelling reasons for reducing his sentence. The Sentencing Commission has identified a number of circumstances – like advanced age, severe physical deterioration, or the death of a caregiver of the defendant's minor children – that justify compassionate release. None of those conditions are present in this case. Rather, Mr. Hammond is essentially arguing that the COVID-19 pandemic, and the risks associated with reinfection, is a compelling reason to release him from incarceration. The Court disagrees.

8.  Mr. Hammond does not suffer from a "terminal illness," a "serious physical or mental condition," a "serious functional or cognitive impairment," or other serious medical condition that might establish "extraordinary and compelling" reasons for the reduction of his sentence. USSG § 1B1.13, cmt. n.1(A)(i)-(ii).

9.  This Court agrees with those courts that have held that the presence of COVID-19 risk factors, standing alone, do not give rise to extraordinary and compelling reasons justifying compassionate release. *See, eg. United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and   the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *accord United States v. Korn*, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("[I]n this Court's view, the mere possibility of contracting a communicable disease such as COVID-

3

19, without any showing that the Bureau of Prisons will not or cannot guard against

or treat such a disease, does not constitute an extraordinary or compelling reason

for a sentence reduction under the statutory scheme") (emphasis in original);

*United States v. Eberhart*, 2020 WL 1450745 at *2 (N.D. Ca. Mar. 25, 2020) ("As

defendant does not assert that he is suffering from a medical condition as defined

in U.S.S.G. § 1B1.13, a reduction of sentence due solely to concerns about the

spread of COVID-19 is not consistent with the applicable policy statement of the

Sentencing Commission as required by § 3582(c)(1)(A)"); *United States v. Bell*,

2020 WL 2129412, at *4-5 (D. Conn. May 5, 2020) (denying compassionate

release to a 26-year-old with asthma for which he is prescribed an albuterol inhaler,

and scar tissue on his lung from a gunshot wound, because, "[g]iven Mr. Bell's

youth and his current health status, there is insufficient evidence in this record that

his current BOP facility cannot adequately care for him."); *United States v.*

*Rodriguez*, 2020 WL 1866040, at *4 (S.D.N.Y. Apr. 14, 2020) (denying

compassionate release to a 26-year-old with "reportedly well controlled" asthma,

because "[a]ll he has done is to note that he has asthma, he is in prison, and there

is a COVID-19 outbreak nationwide. That is not enough.").

10.   Further, the record in case number 16-cr-00201 reflects that Mr. Hammond has

refused the Moderna Covid-19 vaccine. (*See* Criminal Case No. 16-cr-00201-RBJ,

Doc. # 99). This Court agrees with those courts that have held that an inmate's

denial of a COVID-19 vaccination weighs against a finding of extraordinary and

compelling circumstances. *See, e.g. United States v. Greenlaw*, No. 1:18-CR-

00098-JAW-06, 2021 WL 1277958, at *6 (D. Me. Apr. 6, 2021) ("Most courts have

held vaccine refusal against defendants moving for compassionate release."); *accord United States v. Austin*, No. 15-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021) ("A prisoner cannot on the one hand point to the risk of severe illness, while on the other hand refuse to participate in basic precautionary measures such as vaccination. Allowing federal prisoners to qualify for compassionate release by declining to receive a COVID-19 vaccine, without justification, would discourage prisoners from becoming vaccinated. The court is exceedingly hesitant to provide prisoners an incentive to increase their risk of contracting COVID-19 and developing severe symptoms. Such a result would be profoundly counter-productive and would militate against the ameliorative purposes of compassionate release."); *United States v. Figueroa*, No. 2:09-CR-00194-KJM, 2021 WL 1122590, at *5 (E.D. Cal. Mar. 24, 2021) ("If defendants could buttress their motions for compassionate release by refusing a safe and effective vaccine, they would be operating on an unfairly perverse incentive."); *United States v. Gonzalez Zambrano*, No. 18-CR-2002-CJW-MAR, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021) ("Although defendant has a right to refuse medical treatment, the Court finds that it would be inappropriate to reward her refusal to protect herself by granting her release. It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them."); *United States v. Lohmeier*, No. 12 CR 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) ("And even were that not the case, the Court would not be inclined to find compelling circumstances for reducing Mr. Lohmeier's sentence based on

5

concern about the risk of severe health impairments should he again contract COVID-19 when he has declined to take all available precautions against infection—specifically, vaccination."); *United States v. Robinson*, No. CR 16-94, 2021 WL 719658, at *1 (W.D. Pa. Feb. 23, 2021) ("The government, moreover, has supplied evidence showing that Defendant recently was offered the Covid vaccine, and he refused it. Whether that decision was animated by his present request for release, vaccine-hesitancy, or both, the Court can only speculate. His refusal is notable, however, given the widescale desperation − of many in the general public − to acquire the same opportunity he has declined. While, to be clear, the Court would deny his Motion in any event, it seems fair to conclude that his decision significantly undermines the foundational premises of his Motion.").

11.     Because Mr. Hammond has failed to demonstrate the existence of extraordinary and compelling circumstances to warrant reducing his sentence, early release is not justified. For the foregoing reasons, Defendant's Motion for Compassionate Release (Docs. ## 61, 65) is DENIED.

DATED:  January 3, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge